[Civ. No. 16562. First Dist., Div. Two. Oct. 31, 1955.]

RICHARD WASHINGTON BIRCH, Appellant, v.
ANTONINA BIRCH, Respondent.

616

Neil Cunningham for Appellant.

John C. Alaimo for Respondent.

NOURSE, P. J.—Plaintiff sued for the annulment of the marriage of the parties on the ground that the defendant was married to another and not divorced. Defendant cross-complained seeking a divorce on the ground of plaintiff's cruelty. Judgment went for the defendant on plaintiff's complaint, and on her cross-complaint a divorce was denied on the ground that her testimony concerning the acts of cruelty was not corroborated. Plaintiff alone appeals.

The trial court found that plaintiff had failed to prove that defendant's former marriage had not been legally dissolved prior to the marriage of the parties herein. Appellant first contends that this finding is contrary to the evidence. Admitted is the fact that defendant was married to Alexander Feodorovich Magnitsky on April 17, 1930, in the Saint Iversky Church of Harbin, Manchu-Di-Kuo, China. The affidavit of Magnitsky was received in evidence averring that in March, 1937, the Byzantine-Russian Church issued to him, for presentation to the district court, its certificate that the parties had been ecclesiastically divorced in the year 1935 on the

ground of wilful desertion by respondent, but that he did not present the certificate to the district court at Harbin. However, the respondent testified that she presented her copy of the ecclesiastical divorce decision to the one Chinese court in Harbin and that she was present when that court granted a divorce.

So far as appears from any evidence offered by appellant there was nothing to show that a divorce as testified to by respondent was not valid and final. If the practice under the laws of Manchu-Di-Kuo at that time was for the court to confirm the decision of the Byzantine-Russian Church at the request of either party there can be no question that the parties were legally divorced at that time. The burden was on the plaintiff and appellant to show that the marriage had not been dissolved in a legal manner pursuant to the judicial practice in Harbin in the period 1935-1937.

The case is controlled by the settled rule that when a person has entered into two separate marriages a presumption arises as to the validity of the second marriage. This rule is clearly stated in *Estate of Smith,* 33 Cal.2d 279, 281 [201 P.2d 539] where the court said:

"It is well established that when a person has entered into two successive marriages, a presumption arises in favor of the validity of the second marriage, and the burden is upon the party attacking the validity of the second marriage to prove that the first marriage had not been dissolved by the death of a spouse or by divorce or had not been annulled at the time of the second marriage. (Citations.)"

This presumption taken with the uncontradicted evidence of the respondent, which was admitted without objection and upon the interrogation of the appellant, that she had procured a divorce from her former husband is sufficient to support the judgment denying appellant's plea for an annulment.

Appellant further complains that he was erroneously prevented by rulings of the court excluding evidence offered by him to prove that a divorce as testified to by appellant would not comply with the local law at the time of the alleged divorce.

The objection to the introduction of certain text books in English or French on Chinese family law was correctly sustained. They were not "Books printed or published under the authority of a . . . foreign country . . ., or proved to be commonly admitted in the tribunals of such . . . country

as evidence of the written law thereof," within the provision of section 1900 of the Code of Civil Procedure. They were not official documents or public records within sections 1918 and 1919, Code of Civil Procedure. They were merely expressions of the authors' opinions as to what the law was, and were not admissible over objection.

The offered certificate of the Consul General of the Republic of China, embodying sections of the Civil Code of China relating to divorce, was not within the purview of section 1901 of the Code of Civil Procedure, because said consul was not "the officer having charge of the original" code. It also was inadmissible over objection.

Expert testimony as to the applicable foreign law would have been admissible (see *Estate of Johnson*, 100 Cal. App.2d 73, 79 [223 P.2d 105]), but was not offered. We find no error.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.